IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| VERONICA MORGAN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 09-cv-1584 |
| | * | |
| PRINCE GEORGE'S COUNTY, | * | |
| MARYLAND, *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Plaintiff Veronica Morgan ("Morgan") brings this action against Defendants Prince George's County, Maryland (the "County"); Officer Lightfoot ("Lightfoot"); Officer Richardson ("Richardson"); Corporal Smith ("Smith"); John and Jane Does 1-5; and Chief Melvin C. High ("High"). Currently pending before the Court are Defendant Chief Melvin C. High's Motion to Dismiss and/or Motion for Summary Judgment (Docket No. 5) and Defendant Prince George's County's Motion to Dismiss Count XI and/or Motion for Summary Judgment as to Count XI (Docket No. 6). The Court has reviewed the entire record, as well as the pleadings, with respect to the instant motion. The issues have been fully briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court will grant both of Defendants' motions.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are taken from the Complaint and construed in the light most favorable to Morgan. On May 6, 2006, Morgan was in her home when police officers arrived to answer a call related to an argument between Morgan and her husband.

1

Morgan allowed the officers to enter and question her. Smith ordered her to sit on the sofa, and the officers questioned Morgan about the argument. After Morgan indicated the argument was over and responded to additional questioning, she asked the officers to leave. The officers refused to leave, and instead stood over her menacingly, questioned her further, and cursed at her.

When she felt the onset of an asthma attack, Morgan attempted to stand up for air. Smith grabbed Morgan at the neck and forcibly pushed her back on the sofa, struck her and pushed her back to the couch again. During Morgan's third attempt to stand, Smith punched her in the nose, causing Morgan's nose to bleed. Smith, Lightfoot, and Richardson then arrested Morgan, searched her, and took her to the police station.

On May 05, 2009, Morgan filed this suit in Circuit Court for Prince George's County, Maryland. Defendants removed the case to this Court on June 16, 2009. On July 2, 2009, Defendants filed the instant motions before the Court.

## STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965

n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (internal citations omitted).

## ANALYSIS

Both Defendant Chief Melvin C. High's Motion to Dismiss and/or Motion for Summary Judgment and Defendant Prince George's County's Motion to Dismiss Count XI and/or Motion for Summary Judgment as to Count XI hinge on whether Count XI is a state law claim; thus, the Court will address these Motions together.

In Defendant High's Motion to Dismiss And/Or Motion for Summary Judgment, High argues that Count XI of the complaint is a state law claim, and as such, he should have public official immunity in accordance with Maryland Annotated Code, Courts and Judicial Proceeding Article, section 5-511(b). Plaintiff does not dispute that official immunity applies to Defendant High in state law claims; Plaintiff instead asserts that Count XI is not a state law claim, but rather a federal law Section 1983 claim. Plaintiff

further asserts that Count X, the *Monell* claim, applies to High, insofar as High was the Chief of Police and, thus, policymaker.

In Defendant Prince George's County's Motion to Dismiss Count XI and/or Motion for Summary Judgment as to Count XI, the Defendant moves to dismiss Count XI, claiming governmental immunity from the common law tort claim of negligent supervision. Plaintiff agrees that when a state law claim is at issue, the County enjoys governmental immunity, but asserts that contrary to Defendant's understanding, Plaintiff makes a *Monell* claim, not a state law claim, in Count XI. Defendant replies that Plaintiff makes a *Monell* claim in Count X only, not in Count XI.

The Court has reviewed the record and finds Plaintiff's claim that Count XI of the complaint is a federal law claim, because it is labeled as such, unpersuasive. The essence of claims alleged in a complaint is not based upon the title of the counts, but rather upon what is actually being alleged or pleaded in a particular case. In Count XI, Plaintiff has only alleged that High was negligent in supervision and training. Plaintiff has not alleged High established a custom, policy or practice under the principles of a *Monell* claim. No reference is made in Count XI to any custom, practice, policy and/or pattern that High instituted as policymaker. Accordingly, the Court finds that Count XI asserts a state law claim; hence, the Defendant High enjoys the benefit of public official immunity.

For similar reasons, Prince George's County enjoys the benefit of local government immunity. Since Count X alleges a *Monell* claim against the County on the basis of the County not holding officers accountable for their acts, Count XI cannot allege another *Monell* claim on the same grounds. Count XI, in essence, is therefore a state law claim to which governmental immunity applies.

Both High's liability and Prince George's County's liability for negligent supervision hinge on whether Count XI asserts a federal or state claim. Having found that Count XI asserts a state claim, the Court believes this determination to be dispositive. Accordingly, both motions to dismiss are, therefore, granted. Plaintiff has also requested leave to amend the complaint to more clearly identify Count XI as a federal claim. The Court notes, however, that the complaint already contains federal claims. Moreover, the Court does not believe that Plaintiff has presented a cogent basis to support an amendment of the complaint in an effort to sufficiently allege any additional cognizable federal claims either against Melvin High or Prince George's County. Accordingly, the request to amend is denied.

## CONCLUSION

For the foregoing reasons, the Court will grant both Defendant High's Motion to Dismiss and/or Motion for Summary Judgment (Docket No. 5) and Defendant Prince George's County's Motion to Dismiss Count XI And/Or Summary Judgment as to Count XI (Docket No. 6). A separate Order will follow.

| September 25, 2009 | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |