**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| VERONICA MORGAN | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. AW-09-1584 |
| | * | |
| PRINCE GEORGE'S COUNTY, | * | |
| MARYLAND, *et al.*, | * | |
| | * | |
| Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION**

Plaintiff Veronica Morgan ("Morgan") brings this action against Defendants, Prince George's County, Maryland ("County"), Officer Lightfoot ("Lightfoot"), Officer Richardson ("Richardson"), Corporal Smith ("Smith"), John and Jane Does 1-5, and Chief Melvin C. High ("High"). Currently pending before the Court are Defendant County's Motion to Dismiss Count XI and/or Motion for Summary Judgment as to Count XII (Docket No. 19) and Defendant County's Motion for Bifurcation and Stay of Discovery (Docket No. 20). The Court has reviewed the entire record, as well as the pleadings, with respect to the instant motion. The issues have been fully briefed, and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court will deny as moot Defendant County's Motion to Dismiss Count XI and/or Motion for Summary Judgment as to Count XII and grant Defendant County's Motion for Bifurcation and Stay of Discovery.

**FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are taken from the Complaint and construed in the light most favorable to Plaintiff. On May 6, 2006, Plaintiff was in her home when police officers arrived to answer a call related to an argument between Plaintiff and her husband. Plaintiff allowed the

officers to enter and question her. Smith ordered her to sit on the sofa, and the officers questioned Plaintiff about the argument. After Plaintiff indicated the argument was over and responded to additional questioning, she asked the officers to leave. The officers refused to leave, and instead stood over her menacingly, questioned her further, and cursed at her.

Plaintiff felt the onset of an asthma attack and attempted to stand up for air. During Plaintiff's three attempts to stand, Smith grabbed her at the neck and forcibly pushed her back on the sofa, struck her and pushed her back to the couch again, and punched her in the nose, causing Plaintiff's nose to bleed. Smith, Lightfoot and Richardson then arrested Plaintiff, searched her, and took her to the police station.

On May 5, 2009, Plaintiff filed this suit in Circuit Court for Prince George's County, Maryland.  Defendants removed the case to this Court on June 16, 2009. On November 6, 2009, Defendant County filed a Motion to Dismiss Count XI and/or Summary Judgment as to Count XII and a Motion for Bifurcation and Stay of Discovery.  Plaintiff did not respond to either motion.

## STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S.

Ct. 1955, 1965 n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (internal citations omitted).

## ANALYSIS

<u>Motion to Dismiss Count XI and/or Motion for Summary Judgment as to Count XII</u>

Defendant County apparently moves to dismiss Count XI and, or alternatively, moves for summary judgment as to Count XII.  The Court dismissed Count XI of the Complaint as to all defendants on September 25, 2009 (Docket No. 16).  Additionally, Count XI is only mentioned in the heading of the motion, and the body of the motion discusses strictly Count XII.  The Court is inclined to believe that Defendant mistakenly titled this Motion. In any case, the motion is unnecessary as the Court has already dismissed Count XI of the Complaint.

Next, the Court questions whether the motion to dismiss or for summary judgment on Count XII is necessary, as it does not appear to the Court that Defendant County is named in Count XII.  Paragraphs 76 through 80 of the Complaint do not name Defendant County.

3

To the extent that Plaintiff did intend to name Defendant County in Count XII, the following analysis is applicable. Defendant County argues that it enjoys governmental immunity from common law tort claims. Plaintiff did not respond to the instant motion. Accordingly, to the extent that Defendant County is named in Count XII, the Court agrees that Defendant is "immune as to common law tort claims asserted against it based on torts committed by its police officers. *Vincent v. Prince George's County, Maryland, et al.*, 157 F. Supp. 2d 588, 595 (D. Md. 2001). However, because it is unclear to the Court as to whether Defendant County is named in Count XII, the instant motion is denied as moot. To The extent that Plaintiff intended to name Defendant County in Count XII, the Court will be inclined to reconsider its order.

<u>Motion for Bifurcation and Stay of Discovery</u>

Federal Rule of Civil Procedure 42(b) states: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims . . . ." Bifurcation "is appropriate only when the court believes that separation will achieve the purposes of the rule." *R.E. Linder Steel Erection Co. v. Wedemeyer, Cernik, Corrubia, Inc.*, 585 F. Supp. 1530, 1534 (D. Md. 1984). The burden of proving that bifurcation is warranted rests with the moving party. *Clements v. Prince George's County*, No. 00-185, 1992 WL 165814, at *1 (D. Md. June 30, 1992).

In Defendant County's Motion for Bifurcation and Stay of Discovery, Defendant seeks a bifurcation whereby Plaintiff's claim against Defendant would initially be resolved in a single trial, and that after that trial the claim against Defendant, if still viable, would be resolved in a second trial. Defendant County argues that Plaintiff must first successfully prove her claim against the other defendants before her claim against Defendant has merit. Defendant County further asserts that discovery should be stayed pending the outcome of the first trial. Plaintiff did

not respond to the instant motion. The Court has reviewed the record and finds that bifurcation is appropriate here to avoid prejudice against Defendant County and to conserve the resources of both parties. For the aforementioned reasons, a stay of discovery is also appropriate. Accordingly, Defendant County's Motion for Bifurcation and Stay of Discovery is granted.

## CONCLUSION

For the foregoing reasons, the Court will deny as moot Defendant County's Motion to Dismiss Count XI and/or Motion for Summary Judgment as to Count XII (Docket No. 19) and grant Defendant County's Motion for Bifurcation and Stay of Discovery (Docket No. 20). A separate order will follow.

|  |  |
|---|---|
| January 5, 2010 | /s/ |
| Date | Alexander Williams, Jr. |
|  | United States District Judge |